IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL BARROWS,

                                                            OPINION AND ORDER

                    Plaintiff,

                                                              08-cv-65-bbc

    v.

PETRIE & STOCKING, S.C.
and LYDIA CHARTRE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief in which plaintiff Paul Barrows alleges that defendants Petrie & Stocking, S.C. and Lydia Chartre attempted to garnish $252 in disbursements not allowed under Wisconsin law, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Wisconsin Consumer Act, Wis. Stat. § 427.104. It is one of four lawsuits arising out of plaintiff's failure to repay a consumer loan made to him by the D. Edward Wells Federal Credit Union sometime before 2008: one to obtain a judgment against plaintiff; a second filed by plaintiff against the attorneys for the National Credit Union Association, which had taken on the collection of debts owed to D. Edward Wells Federal Credit Union after it was liquidated; a third filed by defendants to garnish

1

plaintiff's funds in the University of Wisconsin Credit Union to pay the judgment the association had obtained against plaintiff; and this fourth one against defendants for allegedly improper acts committed in the course of the garnishment proceedings.

As if matters were not sufficiently complicated, this case has its own twists and turns. Early in the case, defendants filed a "motion for the court to take judicial notice of the underlying lawsuit and pending related action, dismiss plaintiff's complaint pursuant to F.R.C.P. 12(b)(6), and for a finding of bad faith pursuant to 15 U.S.C. 1692k." Dkt. #3. Defendants sought the dismissal of plaintiff's claims that defendants had violated the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j), in two ways: (1) by seeking to collect pre-suit attorney fees as part of the judgment and (2) by filing a garnishment summons and complaint seeking disbursements in excess of their statutory entitlement. While this motion was pending, plaintiff filed an amended complaint, dkt. #11, which became the operative pleading. Plaintiff reasserted his claim that defendants had collected through garnishment $252 in disbursements not allowed under Wisconsin law. He added a new allegation that defendants had attempted to collect $1.79 in interest to which they were not entitled, in violation of both the Wisconsin Consumer Act and the Fair Debt Collection Practices Act, and abandoned a claim alleged in the original complaint that defendants were violating the law by attempting to collect on a judgment that included improper pre-suit attorney fees. Along with the amended complaint, plaintiff filed his brief in opposition to defendants'

motion to dismiss the original complaint. Dkt. #12.

In response to plaintiff's amended complaint, defendants renewed their motion to dismiss and filed a "reply" to plaintiff's brief in opposition to their motion to dismiss. Dkt. ##20-21. In their reply brief, defendants argued that plaintiff's newly-added claim regarding their alleged effort to collect $1.79 in excess interest was without merit and the result of a mathematical error made by plaintiff's lawyer. Before that motion and the new claim could be decided, plaintiff filed a motion for summary judgment, in which he made no reference to his claim for $1.79 in excess interest. This omission suggests that he has reached the wise decision not to pursue this issue.

Both defendants' motion to dismiss and plaintiff's motion for summary judgment are before the court for resolution. I conclude that defendants' motion is mooted in part by plaintiff's amendment of his complaint to eliminate his claim that defendants violated the Wisconsin Consumer Act by attempting to collect on a Dane County judgment that included pre-suit attorney fees. As to plaintiff's claims under federal and state law relating to defendants' service of a garnishment summons and complaint seeking an illegal amount of disbursements, the motion to dismiss will be denied. Plaintiff's motion for summary judgment will be granted as to the claims that defendants violated federal and state law when they filed the garnishment summons and complaint that included an excess fee for disbursements.

3

Before setting out the undisputed facts, I note that plaintiff has further complicated the proceedings by revising his proposed findings of fact after defendants had responded to his initial proposals and had no opportunity to respond to the revisions. The court's summary judgment procedures do not provide for revised proposals—for good reason. Where would the stopping point be? Plaintiff's attempted revisions will be ignored.

From the proposed facts that I am considering, I find that the following are both material and undisputed. (Because plaintiff's proposals were so sparse, I have supplemented them with information from the pleadings simply to fill out facts of importance to understanding the dispute but not important to its resolution. For example, neither party identified Lydia Chartre, but plaintiff alleged in his complaint that she collects consumer debts and works with defendant Petrie. Neither party identified the court in which the underlying lawsuits were filed; it appears from the pleadings and other documents that they were filed in the Circuit Court for Dane County.)

## UNDISPUTED FACTS

Plaintiff Paul Barrows is an individual. Defendant Petrie & Stocking is a Wisconsin law firm. Defendant Lydia Chartre collects consumer debts and works with defendant Petrie.

Sometime before January 14, 2008, the D. Edward Wells Federal Credit Union

4

obtained a judgment against plaintiff on a debt he had incurred on a personal loan. As of January 2, 2008, the principal owing on the judgment was $3,904.27, plus interest accruing at Wisconsin's statutory rate of 12%, for a total of $4,544.78.

At some time, the D. Edward Wells Federal Credit Union was liquidated and the National Credit Union Administration became responsible for collecting the amount due on the judgment against plaintiff. It employed defendants to collect the judgment and apply the funds collected to the credit union's creditors.

On or about January 7, 2008, defendants filed a Wisconsin "Garnishment Summons and Complaint for Non-Earnings" in the Circuit Court for Dane County; on January 11, 2008, they served a garnishment summons and complaint on the University of Wisconsin Credit Union, identifying it as a garnishee in the document. On January 14, 2008, the UW Credit Union debited plaintiff's account $4,836.78 and denied him access to the garnished funds. In response to the garnishment summons and complaint, the credit union filed a garnishee answer, asserting it had $4,836.78 "subject to garnishment" that it was retaining for the court.

On January 22, 2008, plaintiff filed an answer to defendants' garnishment action in state court, denying that he owed the creditor $4,836.78. He asserted that the "garnishment summons and complaint seeks $292 in disbursements which are not allowed by law." On January 31, 2008, defendants filed an "amended Order to Garnishee for Direct Payment,"

5

in which they stated that the amount to be paid directly to defendants' trust account was $4,584.78. In the same order, defendants asserted that plaintiff's only "real and supportable" objection to the state court garnishment was defendants' claim for more than $40 in disbursements and that defendants were not trying to recover more than $40.

On March 20, 2008, the circuit court signed an order titled "Order to Garnishee for Direct Payment," using $4,836.78 as the amount to be garnished. On April 1, 2008, the court signed the amended order for $4,584.78, but did not vacate its March 20 order.

On April 7, 2008, the UW credit union issued a check for $4,584.78, which defendants disbursed to their client, the National Credit Union Association. This amount included only $40 for disbursements.

ADDITIONAL FACTS

Defendants do not dispute these additional facts alleged by plaintiff in his amended complaint:

After the National Credit Union Association won its judgment against plaintiff (lawsuit #1), plaintiff filed a lawsuit in the Circuit Court for Dane County against the association's lawyers, Howard, Solochek & Weber, alleging that there were errors in the judgment and that the firm had violated Wisconsin law in the course of entering and collecting the judgment (lawsuit #2). Defendants were hired to defend Howard, Solochek

6

& Weber in that lawsuit.

The "Garnishment Summons and Complaint for Non-Earnings" that defendants served on the University of Wisconsin Credit Union in lawsuit #3 contained the following language under the heading "CREDITOR'S CLAIM": THE CREDITOR STATES that a judgment, as described below, was entered in circuit court: [the form then lists information about the judgment in five separate boxes] and that this summary provides the total amount due over and above all offsets." The following headings and amounts are then listed in four separate boxes: "Creditor's Claim $3904.27" (this amount is identical to the amount listed in the previous section in a box labeled "Amount of Judgment"), "Disbursements $292.00," "Interest $640.51" and "Total Due on Creditor's Claim, $4,836.78. (A copy of this summons and complaint is attached to plaintiff's complaint in this case. Although plaintiff filed an affidavit, dkt. #28, averring that he had attached copies of other documents relevant to the issues in this case, he did not file the copies.)

## OPINION

### A. Defendants' Motion to Dismiss

Defendants based their motion to dismiss plaintiff's original complaint on two grounds: (1) plaintiff lacked any foundation for his claim that defendants were seeking improperly to recover pre-suit attorney fees on a consumer debt; and (2) plaintiff could not

7

succeed on his claim that defendants had violated state or federal law or both in disclosing their total disbursements on the garnishment summons and complaint they had served on the UW Credit Union. Defendants' motion is moot as to the first ground, because plaintiff amended his complaint to eliminate the claim against these defendants that they were trying to collect invalid fees included in the Dane County judgment. I will reserve a discussion on defendants' second ground for dismissal until taking up plaintiff's motion for summary judgment.

As noted earlier, plaintiff filed an amended complaint in response to defendant's motion to dismiss. In the amended complaint, he re-alleged violations of state and federal law by defendants for allegedly seeking to obtain the cost of their disbursements in excess of the $40 allowed by state law and added a second state law claim against them for seeking interest of $1.79 more than the law allows. Defendants showed conclusively in their reply brief that the excess interest contention was without any merit. Defendants calculated the interest due at the rate of 12% a year; plaintiff takes issue with that method of calculation, arguing that the calculation should be at a per diem rate. Wis. Stat. §§ 814.04(4) and 815.05(8) both provide for calculation on a per year and not a per diem basis, which should end the discussion. However, an examination of plaintiff's preferred per diem method shows that when it is carried out accurately, it results in the same figure that defendants used. (Plaintiff obtained a slightly lower figure by using $1.28 as his daily interest figure rather

8

than $1.2835956. Multiplying the former figure by 499 days produces $638.72; multiplying the latter figure by 499 days produces $640.51 (rounded) or the amount that defendants used as their interest figure.)  In analyzing plaintiff's remaining claims of violation of state and federal laws in the context of his motion for summary judgment, I am considering that plaintiff has abandoned the question of excess interest.

In their motion to dismiss, defendants asked for dismissal of this suit on the additional ground that it was brought in bad faith. "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k.  As explained in the next section, I conclude that plaintiff is entitled to judgment in his favor on his claims against defendants for violations of both the Wisconsin Consumer Act and the Fair Debt Collection Practices Act.  Under the Act, an award of attorney fees to the creditor is warranted only when the entire "action" or lawsuit is brought in bad faith.  Harkey v. J.V.D.B. Associates, 333 F.3d 769, 775 (7th Cir. 2003).

Although I will not dismiss the entire suit, I will consider the imposition of a sanction on plaintiff's counsel  under 28 U.S.C. § 1927 for advancing the claims relating to the inclusion of allegedly improper charges for attorney fees in the judgment against him and the allegedly improper calculation of interest.  Those claims were so obviously baseless, unreasonable and vexatious that they merit sanctions against plaintiff's counsel under §

1927. When plaintiff filed his complaint, he knew that the D. Edward Wells Federal Credit Union had obtained a judgment against him in state court that included the allegedly improper amount of fees. He knew also that unless the judgment were to be overturned by the state court, it was a valid judgment. So long as it was, defendants had every right to seek to enforce it. Their doing so could not violate the Wisconsin Consumer Act. At the end of the case, defendants will have an opportunity to submit an itemization of the costs they incurred in defending against these claims in this case and plaintiff's counsel will have an opportunity to be heard on both the propriety of imposing sanctions and on the amount imposed.

### B. Plaintiff's Motion for Summary Judgment

The dispositive issue for resolution in this case is whether defendants violated the Wisconsin Consumer Act, Wis. Stat. § 427.104, or the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, or both, when they included a statement of disbursements in the garnishment summons and complaint that exceeded by $252 the $40 maximum for compensable disbursements.

1. Wisconsin Consumer Act

Plaintiff contends that when defendants failed to follow the limitations imposed by

10

state laws governing garnishment and claimed an amount due for disbursements of $292, they claimed a right that does not exist by law, thus violating subsection (j) of Wis. Stat. § 427.104. Subsection (j) makes it a prohibited practice to "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist" in "attempting to collect an alleged debt arising from a consumer credit transaction . . . where there is an agreement to defer payment."

Defendants assert a number of defenses. One is that the Wisconsin Consumer Act does not apply to defendants' collection activities because the National Credit Union Association is not a merchant or creditor as defined by the Act. (Wis. Stat. § 427.103 defines "debt collection" as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a *merchant* by a customer." (Emphasis added.) They asserted this same defense in lawsuit #2 in Dane County, where they represent the law firm that brought lawsuit #1 for judgment on plaintiff's personal loan.

In an order entered on July 1, 2008, in lawsuit #2, the state court rejected the "non-merchant" defense. The court cited Wis. Stat. § 421.301(25) for the definition of "merchant, which says that a merchant is a person who "regularly . . . deals in money or credit in a manner which directly or indirectly results in or is intended to result in, lead to or induce a consumer transaction" and "any assignee of or successor to such person." It

11

noted that the parties had agreed that the D. Edward Wells Federal Credit Union was a merchant and that the loan it extended to plaintiff was a consumer credit transaction. In the absence of any definition of "successor" in the Act, the state court turned to Black's Law Dictionary (8th ed. 2004), which defines the term as one "who succeeds to the office, rights, responsibilities, or place of another." Evidence in the case showed that the Wells accounts had been placed with the National Credit Union Association for administration, servicing and collection, making the association the owner of the receivable. The state court turned next to 12 U.S.C. § 1787(b)(2)(A), which provides that the association's board succeeds to all rights, titles, powers, and privileges of the credit union when acting as liquidating agent. From this, the court found the association to be a successor to a merchant and therefore a person to whom § 421.301(25) applied.

    The state court's finding that the association is a merchant under § 421.301(25) is persuasive. I do not agree with defendants that the absence of any profit motive on the Association's part means that it cannot be a "successor" to a merchant under the Act. I will adopt the state court's finding as my own. (This makes it unnecessary to consider plaintiff's contention that I must apply issue preclusion to the state court's ruling in a pending case.)

    I turn then to the next defense that defendants raise, which is that they never collected or tried to collect more than $40 in disbursements from plaintiff. It is undisputed that defendants never received more than $40 in disbursements for their client. Therefore,

the only question is whether they tried to collect more than that from plaintiff. (Neither side suggests that defendants' effort was not directed ultimately to plaintiff, whose money was on deposit with the credit union, even if the complaint was served on the credit union.)

Defendants' argument rests on its view that when they included the $292 on the Garnishment Summons and Complaint for Non-Earnings served on the UW Credit Union, they were doing nothing more than disclosing to the garnishee the disbursements that they had incurred; they were not asking for that amount.

According to defendants, the credit union should have ignored the amount provided by defendants in the box titled "Total Due on Creditor's Claim" and the amount provided in the box titled "Disbursements" and recalculated the amount to be set aside for the creditor by using the figure of $40 instead of $292 for the amount recoverable for disbursements. Defendants believe that they made no misleading statement: if the garnishment was contested and they were to prevail, they would be entitled to all of their taxable costs, with no $40 limit; they cannot be accused of asserting a non-existent right when their right to recover these disbursements is a right that exists under Wis. Stat. §§ 812.22 and 814.04. At the very least, they argue, neither the law nor the form was clear.

A reading of the preprinted garnishment summons and complaint form lends some credence to defendants' argument. The form has a space for listing the creditor's disbursements; if a creditor could never claim more than $40, why would this space not

13

include a pre-printed $40? Relying on the directive in the form to garnishee defendant not to retain any amount for disbursements over $40, defendants argue that if the credit union overlooked this direction, it is not defendants' responsibility. Presumably, such a warning to garnishee defendants would not be necessary if it were plain to creditors that they could not claim more than $40 for disbursements in a garnishment action. Defendants add that their "claim" is one thing; what they are permitted to receive in a garnishment action is another. Therefore, when they set out their claim, they were not asserting a right that did not exist because their right to obtain the money for disbursements is separate from what they can obtain through a garnishment.

    Had defendants looked more closely at the law, they would have seen the flaw in their arguments. Wis. Stat. ch. 812, subch. I, governs the procedure for uncontested postjudgment garnishment actions for property other than earnings. Wis. Stat. § 812.04 describes the commencement of actions and the form of the summons and specifies that the form must advise the garnishee defendant that "the amount retained by you for the plaintiff's disbursements may not exceed $40." Wis. Stat. § 812.05(2) tells the plaintiff in a garnishment action brought after judgment what to allege in its complaint, including "the amount of the plaintiff's claim against the defendant and disbursements, not to exceed $40." Wis. Stat. § 812.13(1) provides that a garnishee can obtain a release of all liability by paying the claim stated in the garnishee complaint "and disbursements, not to exceed $40."

14

With statutes as explicit as these, it is not reasonable for defendants to maintain that the procedure is ambiguous or that they had a legitimate question about how to fill in the amounts in the summons and complaint or to argue that they had no independent duty to confine their request for disbursements to $40.  Yes, the credit union should have caught defendants' error and retained no more than $40 for disbursements, but this does not relieve defendants of their liability for asserting that they were "due" an amount that included $292 for disbursements.

It is true, as defendants contend, that §§ 812.22 and 814.04 allow creditors seeking garnishment to collect fees and costs, including all disbursements, but this happens only if the garnishment is contested.  Defendants cite no case holding that it is not a violation of § 427.104(j) to try to enforce a claim for fees not yet imposed; on the other hand, plaintiff has cited none to the contrary.  Reading the garnishment statutes, however, I am persuaded that defendants have no good argument to support their contention that when they served the garnishment summons and complaint, they had an "existing" right to collect more than $40 in disbursements.

Defendants have one more argument.  State and federal consumer laws are designed to prevent creditors from sending communications that would be misleading to a significant fraction of the population, Durkin v. Equifax Check Services, 406 F.3d 410, 414 (7th Cir. 2005), about what the debtor owes the creditor (or what the debtor needs to do to resolve

15

a disputed debt or what the consequences might be if the debt is not repaid). Defendants maintain that it is irrelevant that the garnishment summons and complaint included the excessive disbursements charge, because the printed form itself stated clearly that the credit union was not to retain more than $40 for the creditor's disbursements. The credit union was not an unsophisticated debtor; it is a financial institution presumed to know the state laws relating to garnishment or, at the least, to be able to read a garnishment form. It is not entitled to the protections afforded non-institutional consumers.

Defendants' argument fails because it is directed to a claim that plaintiff has not made. Plaintiff has alleged that defendants tried to collect a debt they were not due, not that they sent a misleading summons. The undisputed fact is that defendants served a garnishment summons and complaint upon the UW Credit Union that stated an amount for disbursements to which defendants had no right at the time. It is true that the form itself advised the credit union that the amount sought for disbursements could not exceed $40, but at the very least, the document was confusing and it did succeed in getting more set aside from plaintiff's account than it was entitled to.

The Wisconsin Consumer Act and its counterparts in other states impose strict requirements upon creditors such as defendants. This legislation was enacted in response to years of perceived abuses by creditors and debt collectors. In this instance, defendants fell afoul of one of these strict requirements. It advised the credit union it had incurred

16

disbursements of $292, when it had no right to any disbursements exceeding $40. Accordingly, I find as a matter of law that defendants violated Wis. Stat. § 427.104(j) of the Wisconsin Consumer Act.

2. The Fair Debt Collection Practices Act

Plaintiff alleges that defendants violated this act by falsely representing the amount of the debt by serving a garnishment summons and complaint that included disbursements to which they were not entitled, in violation of 15 U.S.C. § 1692e(2)(B); by deceptively trying to collect a debt, in violation of 15 U.S.C. § 1692e(10); and by collecting and attempting to collect amounts not allowed by law, in violation of 15 U.S.C. § 1692f(1).

As an initial matter, I note that postjudgment communications are not exempt from the Act's coverage simply because the debt collector's communication is directed to a third party and not to the consumer himself. Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 773 (7th Cir. 2007). Under the Act, communication "is the conveying of information regarding a debt *directly or indirectly* to any person through any medium." Id. (Emphasis in original).

As in their defense to the alleged violation of the Wisconsin Consumer Act, defendants argue that they were not attempting to collect the full $292 from plaintiff; rather, they wanted the garnishee to be aware of their taxable costs (which includes disbursements)

17

because they can recover taxable costs from the garnishee if they are the prevailing party in the garnishment action. It is true that there are circumstances in which a party attempting to collect a debt may be able to recover taxable costs from a garnishee who contests the garnishment. Wis. Stat. § 812.22 provides that "In case of a trial of an issue between the *plaintiff* and *any garnishee*, the prevailing party shall recover taxable costs." (Emphasis added). However, defendants wrote on the summons and complaint they served on the UW Credit Union that the "total amount due over and above all offsets" included $292 in disbursements. They did not say, "total amount that may become due." By including these costs in the amount listed as the total amount due from the plaintiff, defendants made it appear that *plaintiff* owed this amount, not that the garnishee could be responsible for paying the taxable costs of defendants in the event of a trial between defendants and the garnishee.

ORDER

IT IS ORDERED that

1. The motion of defendants Petrie & Stocking, S.C. and Lydia Chartre to dismiss plaintiff Paul Barrows's amended complaint for failure to state a claim upon which relief may be granted is DENIED;

2. Defendants' motion for a finding that plaintiff filed this lawsuit in bad faith is DENIED;

3. Plaintiff's motion for summary judgment is GRANTED with respect to plaintiff's claims under the Wisconsin Consumer Act, Wis. Stat. 427.104, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, that defendants tried to collect claim a right that does not exist by law (their alleged right to disbursements in excess of $40); and

4. Plaintiff's state law claim based on defendants' alleged effort to collect $1.79 in interest over and above the amount to which they were entitled by state law is DENIED as abandoned by plaintiff.

Entered this 13th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge